**Dr. Dupuy H. ANDERSON**

v.

**The LOUISIANA DENTAL ASSO-CIATION et al.**

**Civ. A. No. 73-238.**

United States District Court, M. D. Louisiana.

March 20, 1974.

Johnnie A. Jones, Baton Rouge, La., for plaintiff.

Robert N. Ryan, Bienvenu & Culver, New Orleans, La., for defendants.

E. GORDON WEST, District Judge:

The plaintiff, Dr. Dupuy H. Anderson, is a dentist practicing his profession in the City of Baton Rouge, Louisiana. He brings this suit claiming that his civil rights are being violated because he has been denied membership in the local, state and American Dental Associations. He is a duly licensed dentist, having been granted his license to practice dentistry by the Louisiana State Board of Dentistry in 1945. The Louisiana State Board of Dentistry is composed of eight members, all of whom are licensed dentists, but none of whom need be members of the local, state, or American Dental Associations. Pursuant to the provisions of La.Rev.Statutes 37:753, one member is selected from each of the eight Louisiana Congressional Districts. When a vacancy occurs on the Board, the Secretary of the Board notifies every licensed dentist in the District involved of a meeting to be held to nominate candidates to fill the vacancy. This notice is sent at least ten days prior to the meeting. At the meeting, nominees are voted on and the names of the three candidates receiving the largest number of votes are sent to the Governor of the State who must appoint one of the three to fill the vacancy. The nominees must be licensed dentists, but they need not be members of either the local, state, or American Dental Associations. While there exists in each of these Districts a local dental association, and while there is a state-wide association known as the Louisiana Dental Association, all of which are purely private, voluntary groups, none of these associations play any part, as such, in the appointment of members of the Louisiana State Board of Dentistry. All licensed dentists, whether members of an association of dentists or not, have an equal vote and an equal right of participation in the selection of nominees for membership on the Louisiana State Board of Dentistry. It is the Louisiana State Board of Dentistry that examines prospective dentists and it is the Board that issues licenses to practice dentistry —not the local, state, or American Dental Associations.

Prior to trial, the parties to this suit entered into the following stipulations of fact:

"A. Defendant, Louisiana Dental Association, is a non-profit corporation incorporated under the Non-Profit Corporation Act of the State of Louisiana.

"B. The Sixth District Dental Association is a component of the Louisiana Dental Association.

"C. To become a member of the Louisiana Dental Association, a dentist must become a member of the component society which exists in the area where the dentist lives.

"D. The Sixth District Dental Association's By-Laws provide that a dentist applying for membership must receive an affirmative vote of the majority of the members of the Sixth District Dental Association.

"E. Plaintiff, Dr. Dupuy H. Anderson, applied for membership to the Sixth District Dental Association but his application failed to receive an affirmative vote of the majority of the members of the Sixth District Dental Association, and therefore his application was denied.

"F. Dr. Dupuy H. Anderson is a licensed dentist practicing dentistry in the Parish of East Baton Rouge, State of Louisiana, and he has been so licensed and has so practiced for 29 years.

"G. Anything in the pleadings to the contrary notwithstanding, plaintiff, Dr. Dupuy H. Anderson, does not contend that his being denied membership was based on race, creed, color, sex, or national origin.

"H. The sole issue in this case is whether the Sixth District Dental Association can deny Dr. Dupuy H. Anderson, a dentist duly licensed to practice in the State of Louisiana, membership in the Sixth District Dental Association, the Louisiana Dental Association, and the American Dental Association by requiring that he obtain a majority vote of the membership of the Sixth District Dental Association.

" I. In order for Dr. Dupuy H. Anderson to become a member of the American Dental Association, he first must become a member of the Sixth District Dental Association, and he has been so notified by the American Dental Association on or about February 14, 1972.

" J. The American Dental Association has 102,086 members; the Louisiana Dental Association has 1,180 members; and the Sixth District Dental Association has 179 members.

"K. There are 1,541 dentists licensed to practive (sic) in the State of Louisiana, and 194 dentists licensed to practice within the geographical boundaries of the Sixth District Dental Association."

The plaintiff contends that by being denied membership in these dental associations his federally protected civil rights have been violated in that he is being deprived of what he considers to be the benefits of "organized dentistry." In order to invoke the jurisdiction of this Court, plaintiff relies on 42 U.S.C. § 1983, 28 U.S.C. § 1343(3), and the First and Fourteenth Amendments to the United States Constitution. In defense, the defendants contend that the Dental Associations involved are private, voluntary membership organizations and that they may limit their membership in any way they wish. The defendants therefore contend that since there is no state action involved in any way in the granting or denying of membership in these dental associations, this Court is without jurisdiction over this case and that in the alternative, if jurisdiction is found to exist, the plaintiff has failed to prove that he was unlawfully or unrea-

sonably denied membership in these associations. With the issues thus drawn, the case was tried to the Court on October 17, 1973, without the intervention of a jury.

After due consideration of the law, the evidence and the arguments of counsel, it is the opinion of this Court that the plaintiff has failed to present a claim over which this Court has jurisdiction. In support thereof the Court now makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff, Dr. Dupuy H. Anderson, was duly licensed to practice dentistry by the Louisiana State Board of Dentistry in 1945.

2. The Sixth District Dental Association is a private, voluntary association of dentists, and is a component of the larger Louisiana Dental Association. Of the 194 dentists licensed to practice dentistry within the area embraced by the Sixth District Dental Association, 179 are members of that Association.

3. Of the 1,541 dentists licensed to practice in the State of Louisiana, 1,180 are members of the Louisiana Dental Association. While the record does not reflect the total number of licensed dentists in the United States, it does reflect that 102,086 licensed dentists belong to the American Dental Association and that a goodly number of practicing dentists do not belong to that Association.

4. In order to become a member of the Sixth District Dental Association a dentist must receive the affirmative vote of a majority of the membership of the Association.

5. In order to be eligible for membership in either the Louisiana State Dental Association or the American Dental Association a dentist residing within the area designated as the Sixth District must be a member of the Sixth District Dental Association.

6. Dr. Anderson resides and practices dentistry in the Sixth District and has applied on several occasions for membership in the Sixth District Dental Association and has failed to receive an affirmative vote of a majority of the membership.

7. Dr. Anderson has applied to both the Louisiana State Dental Association and to the American Dental Association for membership and has been advised that he cannot be eligible for membership in those associations unless and until he becomes a member of the Sixth District Dental Association.

8. By stipulation of all parties, race plays no part in this suit. Dr. Anderson's rejection by the Sixth District Dental Association was in no way based on race, creed, color or national origin.

9. By stipulation of all parties the sole issue in this case (exclusive of the jurisdictional problem involved) is whether the Sixth District Dental Association can, in effect, deny Dr. Dupuy H. Anderson, a dentist duly licensed to practice in the State of Louisiana, membership in that Association, the Louisiana Dental Association, and the American Dental Association by requiring that he be approved for membership by a majority vote of the membership of the Sixth District Dental Association.

10. While plaintiff contends that denial of membership in these associations deprives him of access to the Journal of the American Dental Association and also denies him the opportunity to acquire malpractice insurance, the Court finds as a fact that there is no merit to these contentions. The plaintiff can, if he wishes, subscribe to the Journal and he does, in fact, have malpractice insurance. These things are in no way dependent upon membership in the American Dental Association.

11. There are other dental associations with which the plaintiff can and has become affiliated. He has been accepted for membership in and is a member of the National Dental Association and he is a member of the American Academy of Dentistry. It is thus obvious that the plaintiff is not being denied the right to participate in "organized dentistry."

12. The right to practice dentistry in the State of Louisiana is in no way conditioned upon membership in the Sixth District Dental Association, the Louisiana State Dental Association, or the American Dental Association. As a matter of fact, only about 75 per cent of the dentists practicing in Louisiana hold membership in the Louisiana State Dental Association. During the last three years there have been over seventy practicing dentists who have resigned as members of that Association. Each of the three Associations are purely voluntary organizations.

13. The failure of Dr. Anderson to obtain an affirmative vote of a majority of the membership of the Sixth District Dental Association on at least one and possibly other occasions was due to a belief by some members that Dr. Anderson failed to display the qualities expected of members of the Association. The membership had before it evidence that Dr. Anderson had participated in a Government dental program under the auspices of the Community Advancement Program. There was evidence that certain audits had been made and that there was reason to believe that Dr. Anderson had billed for work not actually performed and that in some instances his dental work was sub-standard. This evidence was later brought to the attention of the Executive Director of the Governor's Office of Consumer Protection for the State of Louisiana, who testified that after his investigation he "did not have facts enough that would support any charges—formal charges filed with the federal officials or with the district attorney in East Baton Rouge Parish or any other federal agency." But apparently a majority of the membership of the Sixth District Dental Association was not convinced and by what was described as a "close vote," Dr. Anderson was denied membership in the Association.

14. The Sixth District Dental Association is not an agency of the state or of any political subdivision. It is a purely private organization.

15. The Louisiana State Board of Dentistry, which is an official state agency, has no connection whatsoever, officially or otherwise, with the Sixth District Dental Association or the Louisiana State Dental Association.

16. Action taken by the Sixth District Dental Association, by the Louisiana State Dental Association, or by the American Dental Association with regard to its membership in no way constitutes state action nor can their acts be considered as being "action under color of state law."

## CONCLUSIONS OF LAW

1. The plaintiff attempts to invoke the jurisdiction of this Court by contending that his First and Fourteenth Amendment rights have been violated and that therefore he has a cause of action against these defendants under the provisions of Title 42, United States Code, Section 1983, and that therefore this Court has jurisdiction pursuant to Title 28, United States Code, Section 1343(3).

2. In order for the plaintiff to state a claim under the First or the Fourteenth Amendments, he must show that the rights which he claims are federally protected rights and that those rights are being invaded by the state or federal government as distinguished from invasion by private persons or private organizations. Columbia Broadcasting System, Inc. v. Democratic National Committee, 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973); Public Utilities Commission v. Pollak, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963).

3. In order for the plaintiff to state a cause of action cognizable by this Court under Title 42, United States Code, Section 1983, he must show that the individual defendants were "acting under color of state law" to deprive him of federally protected rights. Hall v. Garson, 430 F.2d 430 (CA5—1970).

4. The plaintiff has failed completely to show that any of the defendants acted

"under color of state law" and he has failed to show that any federally protected right has been violated. He has thus failed to state a claim over which this Court has jurisdiction. See Adickes v. S. H. Kress and Company, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

5. Since the plaintiff's right to freely practice his profession is in no way contingent upon his membership in either the Sixth District Dental Association, the Louisiana State Dental Association, or the American Dental Association, and since none of these purely private associations have any control whatsoever over the practice of dentistry in the State of Louisiana, the plaintiff has no federally protected right to be accepted as a member in any of these purely private organizations.

6. For these reasons the Court finds as a matter of law that it has no jurisdiction over this case and a judgment will be entered accordingly dismissing this suit.