**Ralph Vernon FORD, M.D., Plaintiff-Appellant,**

v.

**HARRIS COUNTY MEDICAL SOCIETY et al., Defendants-Appellees.**

**No. 76–1113**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 19, 1976.

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Sam D. Rhem, Houston, Tex., for plaintiff-appellant.

O. C. Lilienstern, Houston, Tex., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In this 42 U.S.C.A. § 1983 suit Dr. Ralph Ford alleged right to counsel before the Harris County Medical Society's Adjudication and Medical Testimony Committee. The Committee was investigating fee charge complaints against Dr. Ford, a practicing physician. Under the Society's bylaws, there is no right to counsel or cross-examination in such a proceeding. Dr. Ford contended this denied him rights guaranteed by the Fifth, Sixth and Fourteenth Amendments. Finding no state action as required by § 1983, the district court granted defendants' motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b). We affirm.

The Harris County Medical Society is a private, voluntary organization, chartered in 1950, an affiliate of the Texas and American Medical Associations. The Society obtains its revenues from membership dues and publication of the Society's bulletin. It receives no funds from the State of Texas or any governmental agency. The Society has no power to issue, suspend, revoke or otherwise affect the licensing of doctors practicing in the state. This authority rests with the Texas State Board of Medical Examiners. *See* Vernon's Tex.Civ.Stat.Ann. art. 4495 *et seq.* A physician does not have to belong to the Society in order to practice medicine. The Society has no power or authority to enforce an order from the State Board in a disciplinary proceeding, nor in any other proceeding. There was no evidence of dissemination of information regarding professional conduct between the Society and the State Board. A proposed amendment to the bylaws that would have permitted the supplying of information to the State Board was rejected.

The thrust of Dr. Ford's argument is that the Society operates as an arm of the Texas State Board of Medical Examiners in policing the ethics of the profession. The district court found no evidence to support this. Dr. Ford, however, points to a specific occasion when the State Board found him guilty of unprofessional conduct likely to defraud the public. Although the Society did recommend a course of action to be followed in complying with the Board's findings, this was only done at the request of Dr. Ford himself. Whatever the ultimate sanction imposed by the Society arising from the instant complaint, it would not affect Dr. Ford's license to practice medicine.

Section 1983 requires that there be state involvement before a cause of action can be asserted thereunder. The facts found by the district court clearly indicate lack of

any state involvement sufficient for § 1983 purposes. *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Golden v. Biscayne Bay Yacht Club,* 530 F.2d 16 (5th Cir. 1976) *(en banc)*; *Greco v. Orange Mem. Hosp. Corp.,* 513 F.2d 873 (5th Cir.), *cert. denied,* 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975), 44 U.S. L.W. 3328 [U.S. Dec. 1, 1975].

There is controlling precedent in this Circuit. In *Anderson v. Louisiana Dental Assoc.,* 372 F.Supp. 837 (M.D.La.), *aff'd* 502 F.2d 783 (5th Cir. 1974), the district court found the Louisiana Dental Association to be a purely private, voluntary organization that did not affect plaintiff's right to practice dentistry in the State of Louisiana. Only the State Board controlled licensing procedures. Dr. Anderson was denied membership for failure to receive the affirmative vote of a majority of the members. There was no issue of race discrimination. Dr. Anderson alleged deprivation of his First and Fourteenth Amendment rights. The district court held there was no § 1983 cause of action. This Court affirmed without a published opinion. The district court in *Anderson,* similar to the instant case, found the Association to be purely private with no connection whatsoever, official or otherwise, with the Louisiana State Board of Dentistry.

The district court properly dismissed the complaint for lack of subject matter jurisdiction.

AFFIRMED.